UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THERESA REEL,

                                                               Plaintiff,

                 -against-                                **STIPULATION AND**
                                                                         **PROTECTIVE ORDER**
NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                     Defendant.        09 Civ. 7322 (PGG)

------------------------------------------------------------------- x

| USDS SDNY |
| :-- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 6/16/10 |

        **WHEREAS** plaintiff has sought certain documents and information from defendant in discovery in this action, including information protected by The Family Educational Rights and Privacy Act (FERPA) 20 USC § 1232g (i.e., information regarding student names and disciplinary records), and other documents and information which defendant deems confidential and which will not be produced without an Order of the Court; and

        **WHEREAS** defendant has sought certain documents and information from plaintiff in discovery in this action which plaintiff deems confidential and which will not be produced without an Order of the Court;

        **WHEREAS** the Court hereby authorizes the disclosure of such documents and information protected by FERPA to plaintiff's counsel, as disclosure of student names and disciplinary records will be made in the course of a judicial proceeding pursuant to Court Order, and as such disclosure is required because the interests of justice significantly outweigh the need for confidentiality;

        **WHEREAS** at least three weeks prior to producing any documents or information that is protected by FERPA, defendant shall provide a notification to the pertinent

parent/guardian or, in the case of students age 18 and older who are no longer attending a Department of Education school, the student, that confidential student records are being provided to the plaintiff in this lawsuit. The notice shall inform the parent/guardian/student of their right to take action to avoid such disclosure by a date certain (which will be two weeks from mailing). If the parent/guardian/student does not take action within two weeks of mailing of the notice, the subject records or information will be released;

**WHEREAS** the parties agree that documents and information protected under FERPA shall not be disclosed to any person other than plaintiff and her counsel. If disclosure of such documents or information should become necessary to any other person, the parties will confer in order to resolve how the consent requirements under FERPA may be met;

**WHEREAS** the parties object to the production of confidential documents and information unless appropriate protection for their confidentiality is assured:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant, as follows:

Confidential Information In General

1. As used herein, "Confidential Information," means any information of any type, kind or character which is designated "Confidential" by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed during a court proceeding or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information.

## Use of Confidential Information In General

2. Neither the parties, nor their attorneys or anyone else receiving such Confidential Information as provided herein shall use the Confidential Information for any purpose other than for the preparation or presentation of each side's case in this action.

3. Neither party nor their attorneys shall disclose Confidential Information to any person except under the following conditions:

   a. Disclosure before trial may be made only to (i) counsel's staff, (ii) to members of DOE's legal department and their staff, (iii) an expert who has been retained or specially employed by counsel in anticipation of litigation or preparation of this action (including consulting experts), (iv) a witness at deposition (as provided for below), (v) the Court (as provided for below) or (vi) at the trial (or another hearing) of this action (as provided for below), wherein for all cases the disclosure of such Information is deemed necessary to the investigation of the matters relevant to this action, presentation of such testimony, or the legal issues pertinent to this action;

   b. Disclosure to an individual not listed in subparagraph 3(a) above may be made only upon granting of an application to the Court, and for good cause shown. In the event a conflict arises between the parties as to whether a party may show Confidential Information to an individual not listed in subparagraph (a) above, the receiving party agrees not to do so until such time as the parties can obtain a ruling from the Court in this regard; and

- 3 -

  c. Before any disclosure is made to a person listed in subparagraph 3 (a) above (other than to the Court), counsel shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the preparation, presentation or defense of this case and not to further disclose the Confidential Information except in testimony given in this case. The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. The signed consent shall be retained by the applicable attorney and a copy shall be furnished to opposing counsel upon request. Any consent forms signed by consulting experts may be redacted upon disclosure to the supplying party's attorneys.

  4. Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate. All copies or reproductions of Confidential Information shall be kept under the control of the persons described in paragraph 3.

Designation of Confidential Information In General

5. Material (including responses to Interrogatories and court filings) shall be designated as "Confidential" by placing or affixing on such Material a "CONFIDENTIAL" notice, or, in the case of materials to be produced for inspection, or testimony, otherwise identifying them as "Confidential Information."

6. Any such notice which is inadvertently omitted during document production or inspection may be corrected by prompt written notification to counsel.

7. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript.

8. Deposition and Court filings exhibits which are deemed "Confidential Information" shall be so designated by stamping the exhibit accordingly.

9. Any transcript or exhibit designated as "Confidential" shall be separately bound and the "CONFIDENTIAL" designation shall be marked conspicuously on the cover.

10. If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. To the extent required to be consistent with the provisions of this Stipulation and Protective Order, persons not entitled to have access to "Confidential" Information may be excluded from any proceeding where it is being discussed.

Disputes

11. If anyone objects to discovery materials being considered Confidential Information, the Party shall state the objection by letter to counsel. If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged

- 5 -

Information does not qualify as Confidential Information. Until the Court rules on the objection, the disputed Information shall be treated as Confidential Information.

### Depositions

12. Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the Parties, the Court reporter, the deponent, counsel for the deponent, counsel for the Parties and any representative of the Parties who are bound by the terms of this Stipulation and Confidentiality Agreement and such other persons identified herein. If any Confidential Information is to be used during the deposition of a non-Party witness, the deponent shall be given a copy of the Consent Form prior to the deposition, advised that he or she is bound by the terms thereof and requested to sign the Consent Form. In the event the deponent elects not to execute the Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but require the deponent to come to the court reporter's office to review the transcript. The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter should be prohibited from providing a copy of any Confidential Information contained in exhibits to the deposition, to the deponent.

13. Deposition testimony concerning any Confidential Information which reveals the contents of such Information shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Information within the meaning of this Stipulation and Protective Order.

14. Transcripts of depositions shall be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy

of the transcript has been provided to the deponent or his or her counsel to give the parties an opportunity to designate information contained in that transcript as Confidential Information.

Filings with the Court

15. If any paper that incorporates any Confidential Information or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

16. The parties may alternatively file materials containing Confidential Information by redacting sufficient information so as to avoid disclosure of the Confidential Information. Counsel agree to consult prior to submission of such materials regarding the manner and extent to which redactions should be made.

Court Proceedings

17. Subject to the Federal Rules of Evidence, Confidential Information may be disclosed at trial or at a hearing in open court. Either party intending to use Confidential Information shall notify the supplying party of the listing as a trial exhibit of documents containing its Confidential Information within one day after so listing such documents. Where the Confidential Information to be disclosed was not listed on the trial exhibit list, the party

disclosing the Confidential Information must provide twenty four (24) hours' advance notice (or, if that is not possible, as much advance notice as is practicable in the circumstances) to the supplying party. Nothing in this Order shall operate as an admission by any party that any particular discovery Information is or is not admissible in evidence at the trial of this action.

Termination of this Case

18. The Confidential nature of all Information subject to this Stipulation and Protective Order shall continue and this Stipulation and Protective Order shall remain in full force and effect after the termination of this case (including any related appeals). Within 30 days of the termination of this case, the parties and persons in receipt of Confidential Information shall destroy all Confidential Information they had received (including all copies, notes, and other materials containing or referring to information derived there from) and provide written confirmation of such destruction to the party providing such Confidential Information within one week of such destruction.

Subpoena or Compulsory Process

19. If a party or counsel has obtained Confidential Information under the terms of this Stipulation and Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, the subpoenaed party shall promptly notify the supplying party. The subpoenaed party or counsel shall not produce any Confidential Information in response to the subpoena without the prior written consent of the supplying party unless in response to an order of a court of competent jurisdiction. The subpoenaed party or counsel will not object to the supplying party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the supplying

party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

### Enforcement-Jurisdiction-Breach

20. If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under the Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further unauthorized disclosure of the information.

21. Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

22. For the purposes of this Stipulation only, the Parties and persons in receipt of Confidential Information agree to be subject to the jurisdiction of the Court (including, but not limited to any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order. Notwithstanding the foregoing, in the event of a breach of this Stipulation and Confidentiality Agreement, the Parties shall be entitled to obtain injunctive relief from any court having jurisdiction to enforce the provisions hereof. This Stipulation and Confidentiality Agreement shall be interpreted in accordance with the laws of the State of New York.

23. Any person found to have made an impermissible use of Confidential Information will be subject, without limitation, to civil and criminal penalties for contempt of court.

Miscellaneous

24. Nothing in this Stipulation and Protective Order shall be construed to limit the use of the Confidential Information in any manner by the party who provided them.

25. Counsel for the supplying party or person may agree in writing to any specific disclosure of Confidential Information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Agreement as to the use of that document or thing.

26. This Stipulation and Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulation and Protective Order, nor the designation of any information, document, or the like as Confidential Information or the like, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information or the like by an opposite party is in fact confidential or a trade secret; or, (b) with respect to the competency, relevance or materiality of any information, document or the like.

27. No disclosure of Confidential Information (or any information contained therein or derived therefrom) whether intentional or inadvertent shall be deemed to waive any of the rights provided herein or at law, including claims and assertions of privilege and/or relevancy, except as provided above. Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes or in any other litigation.

28. The Stipulation and Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

29. The Parties shall jointly submit a fully executed Stipulation and Protective Order to the Court for approval and entry as an Order of the Court. In the event the Court refuses to approve the Stipulation and Protective Order by Court Order, the parties hereto expressly acknowledge their agreement to be bound by the terms of the Stipulation and Protective Order under all circumstances. The parties also acknowledge that documents and information protected under FERPA cannot be provided without an Order of the Court.

Dated:     New York, New York
           June 10, 2010

CARY KANE LLP
Attorneys for Plaintiff
1350 Broadway, Suite 815
New York, N.Y. 10018
(212) 868-6300

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
100 Church Street, Room 2-186
New York, New York 10007
(212) 788-0954

By: _____
    Joshua Parkhurst (JP-5022)

By: _____
    Lawrence J. Profeta (LP-5674)
    Senior Counsel

SO ORDERED:

_____   June 16, 2010
         U.S.D.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

THERESA REEL,

                                        Plaintiff,

               -against-                    **STIPULATION AND**
                                                        **PROTECTIVE ORDER**
NEW YORK CITY DEPARTMENT OF EDUCATION,

                                        Defendant.    09 Civ. 7322 (PGG)

---------------------------------------------------------------- x

## EXHIBIT A

        The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on June __, 2010, in the action entitled Theresa Reel v. New York City Department of Education, Docket No. 09 Civ. 7322 (PGG), and understands the terms thereof. The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Information except in testimony taken in this case.

        The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. Copies of such agreements shall be provided to and retained by each of the parties.

_____          _____
           Date                                Signature


                                     _____
                                              Print Name


                                     _____
                                              Occupation