UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THERESA REEL,                                    :
                                                 :
                 Plaintiff                       :        **FIRST AMENDED COMPLAINT**
                                                 :
              -against-                          :        **JURY TRIAL REQUESTED**
                                                 :
NEW YORK CITY DEPARTMENT OF                      :        09-CV-7322 (PGG)
    EDUCATION,                                   :
                                                 :
                 Defendant                       :
-----------------------------------------------------X

Plaintiff, by her attorneys, Cary Kane LLP complaining of defendant, alleges:

## NATURE OF ACTION

1.     Plaintiff brings this action to remedy ongoing sexual harassment at her
place of work, a New York City public high school.  Specifically, plaintiff has, since
2005, been subject to a campaign of abusive remarks, threats, and sexual assaults by
students.  Defendant has refused to take any meaningful action to prevent or correct such
harassment and has failed to develop or implement any policies for reporting and
remedying such harassment.  In fact, defendant has stated that it does not consider student
sexual harassment of faculty to be a matter of equal employment opportunity and refuses
to review any such incidents.  As a result of defendant's refusal to act, plaintiff faces a
barrage of harassment on a regular basis, and an employer who refuses to take any action
to rectify the situation.

2.     Plaintiff has repeatedly brought this issue to the attention of defendant's
administrators and attempted to resolve such matters through internal reporting
procedures.  In all instances, defendant has failed to respond in any meaningful way to
plaintiff's complaints.  In fact, counsel for defendant, when notified of the ongoing

campaign of harassment against plaintiff, did not agree to take any corrective action and instead chose to suggest that plaintiff was responsible for the harassment because she was wearing "inappropriate attire, in that she wore a low-cut, V-neck, lace top while teaching one of her classes." Plaintiff therefore brings this action to remedy unlawful employment discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq.,.Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 et seq., the New York State Human Rights Law, N.Y. Exec Law §296 and New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 et seq.

3.     Since filing charges with the EEOC and commencing this action, plaintiff has been subjected to a series of escalating retaliatory actions. These include negative classroom observation reports, disciplinary letters to her file, punitive work assignments, and most recently an "Unsatisfactory" teacher rating which endangers her job security and impedes her ability to transfer to another school. Plaintiff therefore amends the complaint to assert claims for unlawful retaliation under Title VI, Title IX, the New York State Human Rights Law, and the New York City Human Rights Law.

## JURISDICTION AND VENUE

4.     Jurisdiction over plaintiff's claims under Title VII and Title IX is invoked pursuant to 42 U.S.C. §2000e(f)(3) and 28 U.S.C. §1331.

5.     Jurisdiction over plaintiff's state law claims is invoked pursuant to 28 U.S.C. §1367(a), in that plaintiff's state and local law claims are so related to plaintiff's

Title VII claims so as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper within this District pursuant to 28 U.S.C. §1391, because defendant is headquartered and therefore resides in this District.

7.      Plaintiff has exhausted all administrative remedies.  Plaintiff received a "right to sue" letter from the United States Equal Employment Opportunity Commission on or around May 28, 2009.

## PARTIES

8.      Plaintiff Theresa Reel ("Reel") resides in the County of Queens in the State of New York.

9.      Defendant New York City Department of Education ("DOE") is a city school district established pursuant to Title II, Article 52-A of the New York State Education Law.  N.Y. Educ. Law §§2590 et seq.

10.     Upon information and belief, defendant receives financial assistance from the United States Government for use in its educational programs.

## STATEMENT OF FACTS

11.     Plaintiff commenced employment as a high school teacher for DOE in or around September of 2004.  Since September of 2005, plaintiff has been employed as a Social Studies teacher at the School For Legal Studies ("SFLS"), a high school located in Williamsburg, Brooklyn.

12.     Since working at SFLS, plaintiff has been subjected to repeated sexual harassment by students at the school.  Plaintiff has been regularly subjected to verbally abusive remarks, physical threats, and sexual assault.

13.     Despite plaintiff's attempts to follow DOE's established disciplinary procedures in response to such incidents, SFLS's administration has taken little or no action to prevent and correct the sexual harassment faced by plaintiff.  Offending students are often not reprimanded for sexually harassing plaintiff.  At other times, SFLS's administration has attempted to blame plaintiff for being victimized.

14.     DOE has further stated that it does not consider sexual harassment of teachers by students as a matter of equal employment opportunity.  It's Office of Equal Opportunity has refused to act upon plaintiff's complaint of sexual harassment because it does not consider sexual harassment of teachers by students to be within its jurisdiction.

15.     Due to DOE's  refusal to seriously address the issue of student sexual harassment, plaintiff must regularly endure lewd, vulgar and offensive remarks, and in some cases threats and assaults, with no meaningful means of redress.  Below is a non-exhaustive list of incidents of harassment suffered by plaintiff since she has worked as a teacher at SFLS.

## Selected Incidents of Harassment

16.     On October 20, 2005, plaintiff was verbally harassed by two male students in her class, T.R. and G.B.[1]  T.R. called plaintiff a "fucking bitch" during class, and G.B. repeatedly called plaintiff a "white bitch" after class.  For both students, plaintiff prepared a Student Referral Form, a form teachers prepare to report misconduct.  Upon information and belief, no action was taken against G.B.  Upon information and belief, T.R. received nothing more than a warning and a referral to guidance.

17.     On October 25, 2005, S.B., a female student in plaintiff's class, called plaintiff a "son of a ho" and told the class that plaintff "needs to get a man."  Plaintiff

---

[1] Throughout this Complaint, students will be referred to solely by their initials.

prepared a Student Referral Form,. The only response from the Dean's Office was that S.B. was to be referred to the counselor's office.

18.     On November 4, 2005, N.S., a female student in plaintiff's class, repeatedly yelled "fuck" and told the class that plaintiff was sexually frustrated and needed a man. After repeated disruptions, plaintiff instructed the student to leave the room. After class, plaintiff was confronted by Denise Morgan, then principal of the school. Morgan objected to plaintiff's dismissal of N.S. and told plaintiff "we do not send students out of the room for talking" and informed plaintiff she could only send a student out of the room if the student was a threat. When plaintiff informed Morgan that N.S. was directing sexual remarks toward plaintiff, Morgan responded "And how does that threaten you?" Plaintiff prepared a Student Referral Form for N.S. Upon information and belief, the only action taken against N.S. was a referral to guidance.

19.     On January 5, 2006, plaintiff was covering a class for an absent teacher. Students in the class kept asking if plaintiff was pregnant. Then many in the class began chanting "Ms. Reel doesn't wash her pussy." Plaintiff was so humiliated and distraught that she had to leave the class and ask a school aide to cover the class. Plaintiff prepared a note to the Dean's office describing the incident. Upon information and belief, no action was taken against any of the students.

20.     On January 10, 2006, R.Y., a male student from the class plaintiff covered on January 5th, was walking in the hallway with a female student. R.Y. announced to the female that plaintiff was the teacher "who doesn't wash her pussy." He then began to aggressively follow plaintiff and shout "Miss, Miss, I said hello, why won't you say hello to me?" Plaintiff prepared both a Student Referral Form and a Safety Incident Report to

be submitted to her union.   Upon information and belief, no action was taken against R.Y.

21.    On February 4, 2006, K.T., a female student in plaintiff's class, threw paper in plaintiff's face and called her a "bitch."  Plaintiff prepared a Guidance Information Referral.  Upon information and belief, an Assistant Principal spoke with K.T. before any formal guidance intervention, but no further action was taken against K.T.

22.    On May 25, 2006, M.H., a former male student of plaintiff, approached plaintiff in the hallway.  M.H. approached plaintiff and rubbed plaintiff's breast with his elbow, smiling as he did so.  Plaintiff immediately prepared a Student Referral Form and a Written Referral Form.

23.    No action was taken against M.H. in response to plaintiff's reports. Plaintiff inquired about the status of her report with Scott Widor, a school dean, who said that he did not know why no action had been taken and that her reports may have gotten lost.  On June 2, 2006, plaintiff was accosted by William Abreau, an Assistant Principal of another high school that shares facilities with SFLS.  Mr. Abreau expressed anger that plaintiff continued to pursue the matter and warned her that if she persisted in her complaint, that DOE would send an official from its office of Special Investigations to investigate the matter and that plaintiff would be treated as the guilty party.  It was only after repeated complaints by plaintiff that SFLS took action and briefly suspended M.H. M.H. remained a student in the school until he graduated and plaintiff regularly saw him in the hallways.  Upon information and belief, M.H. inappropriately touched other female

teachers in the same manner in which he inappropriately touched plaintiff.  Upon further information and belief, DOE did not take any action against M.H. for these incidents.

24.      On December 19, 2006, E.L., a female student, approached plaintiff in the hallway from behind and called her a "fucking cunt."  Plaintiff prepared a Student Referral Form for E.L.  Upon information and belief, no action was taken against E.L.

25.      On January 17, 2007, C.A., a female student, called plaintiff "tits" in the hallway.  Plaintiff prepared a Student Referral Form for C.A.  Upon information and belief, no action was taken against C.A.

26.      On June 6, 2007, L.R., plaintiff's student, told plaintiff to "suck his dick." Plaintiff prepared a Student Referral Form and a Safety Report Form.  Upon information and belief, the only action taken by defendant was a phone call to the student's home.

27.      On September 6, 2007, J.H., a male student of plaintiff's, yelled at plaintiff saying "Fuck you!  Get the fuck out of here!  Suck my dick!"  Plaintiff had security escort the student from the classroom.  Plaintiff prepared a Student Referral Form, and later, a Written Statement Form.  J.H. was subsequently transferred to another class but continued to harass plaintiff.

28.      On September 7, 2007, plaintiff met Principal Morgan and Jessica Anaya, the union's chapter chair.  Both Ms. Anaya and plaintiff informed Ms. Morgan that the situation in her school was out of control, with students regularly harassing plaintiff and other teachers. Morgan stated that she did not condone the behavior, but she did not promise any action to stop it.  Plaintiff asked Morgan what procedures there were for protecting teachers from sexual harassment by students.  Morgan was unable to identify any Department of Education policy that did so.

29.     On September 11, 2007, plaintiff was in the Social Studies Department Office when a group of male students wandering the hallways opened the door and yelled "Bitch!" at her.  An hour later, when plaintiff was going to the restroom, the same group of students saw plaintiff and yelled "ball licker!" at her.  Plaintiff prepared a Student Referral Form for the one student whom she was able to identify and also prepared a separate Written Statement Form.  Upon information and belief, no action was taken against any of the students.

30.     On October 10, 2007, E.O., a male student of plaintiff's, began disrupting the class and shouted "Suck my dick, you fat nigger!" to another student.  Plaintiff had security remove E.O. from the class and take him to the Dean's Office.  Plaintiff prepared a Student Referral Form and Written Statement Form. Upon information and belief, no action was taken against E.O..  Instead, Principal Morgan informed plaintiff that she was being investigated for corporal punishment.  The subsequent investigation found the allegations of corporal punishment to be unsubstantiated.

31.     On November 8, 2007, S.B., referred to in paragraph 17 above, yelled to the class that plaintiff was a lesbian.  Plaintiff prepared a Student Referral Form for S.B. Upon information and belief, no action was taken against S.B..

32.     On November 16, 2007, K.G., a female student in plaintiff's class, was in the hallway.  When she saw plaintiff, she yelled "Ms. Reel, your nipples are hard!" Plaintiff prepared a Student Referral Form and a Safety Report Form for K.G..  Upon information and belief, no action that was taken against K.G..

33.     On November 19, 2007, plaintiff told A.D., a male student in plaintiff's class, that his pants were too low and asked him to pull them up.  In response he yelled

"Fuck her," referring to plaintiff.  Plaintiff prepared a Student Referral Form for A.D.

Upon information and belief, no action was taken against A.D.

34.     On December 18, 2007, while plaintiff was in the Computer Lab with her

class, T.G., a male student of plaintiff's, repeatedly disrupted the class by shouting

"Fuck!"  As the student became repeatedly disruptive, plaintiff sent a note to his

counselor, asking her to come and take him to her office.  The Counselor sent word back

that she was unavailable.  T.G. then became more abusive and threatening.  He threatened

plaintiff, saying "I'm going to bop you on the head," called her an "ugly bitch" and then

told her "I have a rubber, want to party?"  Plaintiff prepared a Student Referral Form and

a Written Statement Form.  Upon information and belief, no action was taken against

T.G.

35.     On December 19, 2007, plaintiff met with Principal Morgan, T.G.'s

counselor, and Assistant Principal Heckstall.  When plaintiff complained that there was

no set reporting procedure for student sexual harassment, Morgan intimated that plaintiff

was making up the allegations or that she was doing something to provoke the

harassment, saying "Ms. Reel, I'm concerned that you are the only person reporting these

things."

36.     On December 20, 2007, N.G., a male student of plaintiff's, announced to

the class that a certain student who had been commended for receiving a high mark

"...must have eaten her [plaintiff's] p-" (stopping just short of saying "pussy").  Plaintiff

immediately called for her Assistant Principal who had the student removed from the

class.  Plaintiff prepared a Student Referral Form for N.G..  Although plaintiff was told

that N.G. would be suspended, N.G. did not serve a suspension.

37.     On February 4, 2008, T.P., a male student in plaintiff's class, said to the class that a Native American Talking Stick being used in plaintiff's class was a "sex toy." Another male student in the class, T.H., spread his legs open and repeatedly whispered "sex toy!"  Plaintiff immediately had the students removed from the classroom and taken to the Dean's office, and prepared guidance referral forms for both students.  Upon information and belief, no action was taken against the students.  On February 7, 2008, T.H. continued to taunt plaintiff about the incident, repeatedly whispering "sex toy!" in class.  Plaintiff wrote a follow-up memorandum to Principal Morgan.  Upon information and belief, no action was taken against T.H or T.P..

38.     On March 3, 2008, H.B., a male student in plaintiff's class (who, at the time of the incident, was twenty years old), told the class that plaintiff had a "stinky ass" and threatened plaintiff.  Another male student, K.P., encouraged H.B. by shouting, "Snuff her!" and, "This teacher is going down!" (K.P. also repeatedly used the word "fuck" in plaintiff's class).  Plaintiff prepared Student Referral Forms for H.B. and K.P.. H.B. was reportedly suspended.  Upon information and belief, the only action taken against K.P. was to send a letter home to his parents.

39.     On April 2, 2008, K.F., a female student, repeatedly yelled "Suck my dick" to plaintiff when plaintiff instructed the student to go to her class.  Plaintiff prepared a Student Referral Form and a Written Statement Form for K.F.  The school's Dean informed Ms. Reel that no action would be taken unless she could identify the student by name.  Plaintiff, through her own efforts, learned the name of the student. Upon information and belief, other than a referral to meet with an Assistant Principal, no action was taken against K.F.

40.     On April 14, 2008, T.W., a male student in plaintiff's class, approached plaintiff and asked her if she had ever used a condom before.  Plaintiff prepared a Student Referral Form for T.W.  Upon information and belief, no action was taken against T.W.

41.     On May 20, 2008, H.B., mentioned in paragraph 38, entered plaintiff's class, even though he was supposed to be on suspension.  H.B. told plaintiff that he and his mother were going to "fuck her up" and told plaintiff to "get off his dick" three times.  Plaintiff wrote a referral to the Dean's Office.  On her way out of the building that day, a dean, Dr. Villafleur, told plaintiff that she had escorted H.B. out of the building.  In response, plaintiff told Dr. Villafleur that she had just seen H.B. roaming the hallway and cursing five minutes ago.  Dr. Villafleur's only response was to shrug her shoulders.

42.     On June 13, 2008, C.A., referenced in paragraph 25, was in the hallway using a cellular phone and an iPod in violation of school guidelines.  When plaintiff told C.A. to put the devices away, she yelled at plaintiff using language including:  "Bitch," "Fuck you," "Pussy Bitch," "Suck my dick," and "I'm going to fuck you up after school."  Plaintiff prepared a Student Referral Form.  Plaintiff was told by Dean Villafleur that she had called the student's parent and would set up a conference with plaintiff and the parent.  No such conference was ever held.

43.     On June 24, 2008, C.A. again accosted plaintiff shouting "Ms. Reel sucks dick."  Plaintiff prepared a Student Referral Form for C.A.  Upon information and belief, no action was taken against C.A.  Plaintiff was told by Assistant Principal Heckstall, that even though such referrals were supposed to go to the Dean, the principal instead gave it to her for handling.  Heckstall further informed plaintiff that the principal has not established any procedures for dealing with incidents of the type reported by plaintiff.

44.     On September 11, 2008, plaintiff instructed, T.P., a male student who was wandering the hallway, to go to his class.  T.P. called plaintiff a "fucking bitch" and to get her "bum ass" out of the hallway.  Plaintiff prepared a Student Referral Form for T.P. Upon information and belief, no action was taken against T.P.

45.     On December 15, 2008, H.G., a male student, was blocking the hallways and preventing plaintiff from standing in the hallway space she is required to stand in between classes.  H.G. repeatedly moved his arms to block plaintiff and struck her in the side.  When plaintiff asked a school dean to remove H.G. from the hallway, H.G. shouted "fuck you" and called plaintiff a "dumbass."  Plaintiff prepared a Student Referral Form for H.G.  Upon information and belief, no action was taken against H.G.

46.     On December 19, 2008, C.B., a female student, was wandering the hallways with other students.  When plaintiff asked C.B. where her class was, C.B. replied "shut up, bitch."  Plaintiff prepared a Student Referral Form for C.B.  Upon information and belief, the only action taken by defendant was to have a dean call the student's home and speak with her grandfather.

47.     On January 6, 2009, B.P., a female student, was wandering the hallways and throwing food on the floor.  When plaintiff instructed her to go to class, B.P. replied "Shut up bitch" and "suck my dick."  Plaintiff prepared a School Safety/Discipline Report Form.  Upon information and belief, no action was taken against B.P.

48.     On February 9, 2009, R.R., a male student, was wandering the halls and repeatedly called plaintiff "Ms. Reedy-booty" despite plaintiff's instructions that he stop. Plaintiff prepared a Student Referral Form for R.R.  Upon information and belief, the only action taken against R.R. was a counseling session with a dean.

49.     On April 22, 2009, a student interrupted plaintiff's class by loudly banging on the door from outside. Plaintiff left the room to follow the student into adjacent room 310. Several male students in the adjacent class then yelled "bitch" and "suck my dick" to plaintiff. One student, T.P. a male student previously referenced in paragraph "44", followed plaintiff and continued to yell "suck my dick" to plaintiff. Plaintiff wrote a letter to Principal Ortiz. Principal Ortiz informed plaintiff that T.P. was placed on a "pre-suspension" list.

50.     On April 24, 2009, plaintiff was substituting for an absent teacher. Two male students came to class late and called plaintiff a "bitch" when she gave them their assignment. Plaintiff asked principal Ortiz, who was outside in the hallway, to take immediate action against the students. After briefly speaking with the students, principal Ortiz allowed the students to return to class. Subsequently, Dean Villafleur entered the classroom and criticized plaintiff in front of the class for her "classroom management." After Dean Villafleur left, another male student yelled that plaintiff "has a fake dick." Plaintiff verbally reported the incident to principal Ortiz and Dean Villafleur. Despite plaintiff's report, and witnessing the incident personally, no action was taken against the students.

51.     On April 28, 2009, J.C., a male student in plaintiff's class, yelled that plaintiff "sucks mad dick" and grabbed his crotch as if he were masturbating. Plaintiff prepared a student referral form. Upon information and belief, the only action taken by defendant was to call the student's home.

52.     Also on April 28, 2009, T.B., a male student wandering the halls, yelled that "Ms. Reel sucks dick." Plaintiff prepared a student referral form. Plaintiff was

informed by Dean Villafleur that T.B. had been "pre-suspended." Nevertheless, T.B. continued to harass plaintiff as set forth in paragraph "54" below.

53.     Also on April 28, 2009, T.P., referenced in paragraphs "44" and "50", despite being on "pre-suspension" was wandering the hallways. He stopped outside plaintiff's door and yelled "Ms. Reel sucks dick." He then made a throat slitting gesture toward Ms. Reel. Plaintiff prepared a student referral form. Upon information and belief, the only action taken against T.P. was to have a dean call the student's home.

54.     On May 1, 2009, T.B., referenced in paragraph "52," and supposedly on "pre-suspension" was waiting outside plaintiff's classroom. Plaintiff closed the door and closed the window so T.B. would not further disrupt the class. When plaintiff later left the room, she found that T.B. had left a sheet of paper with the words "Suck My Dick!" outside of the classroom. Plaintiff reported the incident and gave the sheet of paper to Assistant Principal Heckstall. Upon information and belief, no action was taken against T.B.

55.     On December 10, 2009, R.S., a male student in plaintiff's class, called plaintiff a "white assed brick." Plaintiff prepared a student referral form. Upon information and belief, the only action taken by defendant was to unsuccessfully call the student's home and refer the matter to the Dean's Office.

56.     On December 22, 2009, L.C., M.H., and J.O. repeatedly asked plaintiff if "she loves them." Plaintiff replied that it is not a teacher's job to "love" students, but rather the function of parents. Plaintiff prepared a memorandum of the incident to the school's freshman guidance counselor. Upon information and belief, no action was taken

against the students.  Instead, Assistant Principal Heckstall informed plaintiff that telling

students that she did not love them was an impermissible form of corporal punishment.

57.    On March 19, 2010, four students, J.M., S.R., L.E. and A.T. were sitting at

a table in plaintiff's classroom.  When they left, plaintiff saw that one of them had written

on the desk "Ms. Reel can suck my hairy dick.  Fuck it Hard."  Plaintiff took a

photograph of the desk and prepared a student referral form.  Upon information and

belief, no action was taken against any of the students.

58.    On September 14, 2010, when plaintiff was leaving work, J.E., a male

student, approached plaintiff and said "Ms. Reel, suck my dick."  Plaintiff followed the

student and asked Wenslaus Yee, an Assistant Principal at the school, for the identity of

the student.  Plaintiff went to the dean's office to immediately report the incident and

prepared a student referral form.  Upon information and belief, no action was taken

against J.E.

59.    The incidents described in paragraphs "16" through "58" are not

exhaustive, and plaintiff has suffered similar incidents of harassment several times per

week.  DOE has rarely taken any disciplinary or other action against the offending

students.

## Defendant's Refusal To Respond To Plaintiff's Complaints

60.    In addition to reporting individual incidents of harassment and receiving

no redress, plaintiff has repeatedly been rebuffed in her efforts to address the problem of

student sexual harassment of faculty through other established procedures.  On

September 17, 2007, plaintiff, in her capacity as union delegate, circulated a

memorandum to fellow teachers concerning the lack of sexual harassment reporting

procedures for student on faculty harassment.  Shortly thereafter, principal Morgan summoned plaintiff to her office and told plaintiff that she was upset with the language used in the memorandum and that plaintiff decided to distribute the memorandum to other teachers without her approval (even though, as a union delegate, plaintiff does not need her principal's permission to communicate with other teachers).

61.    Defendant has deprived plaintiff and other faculty members of resources to deal with such incidents or to maintain classroom control generally.   Previously, teachers at SFLS could require students to report to what was known as the "SAVE" room if they were conducting themselves in a manner that disrupted the classroom.  On February 12, 2009, three days after plaintiff had sent an unruly student to the SAVE room for repeatedly shouting profanity in her classroom, plaintiff received a memorandum from Assistant Principal Heckstall addressed to all faculty, informing them that teachers were not allowed to unilaterally send students to the "SAVE" room.  Subsequently, defendant eliminated the "SAVE" room as an option entirely.

62.    Plaintiff's efforts to address the situation through DOE's Office of Equal Opportunity ("OEO") have also been rebuffed.  On February 7, 2008, plaintiff filed a complaint with OEO concerning SFLS's lack of procedures for reporting and remedying sexual harassment of teachers by students.  By letter dated February 12, 2008, the Office of Equal Opportunity responded, stating that they did not address cases of student sexual harassment of faculty, and did not consider the matter to be within their jurisdiction.

63.    By letter dated May 6, 2008, counsel for plaintiff contacted DOE concerning the sexual harassment suffered by plaintiff in her workplace.  In response, DOE denied that any further action needed to be taken in response to the harassment

inflicted on plaintiff.  Instead, DOE reprimanded plaintiff, claiming that on May 3, 2008,

she "wore inappropriate attire in that she wore a low-cut, V-neck, lace top while teaching

one of her classes."  DOE further requested that counsel instruct plaintiff to "dress in

appropriate manner when working at school and teaching her classes."

64.     Although plaintiff desires to continue teaching at SFLS due to the

curriculum established at the school, plaintiff has sought a transfer due to DOE's refusal

to take any meaningful action against the sexual harassment perpetrated against her.

Plaintiff has repeatedly sought transfers both through defendant's "open market" system

and by requesting a "safety transfer."  All such requests for transfers have been denied.

65.     Plaintiff has suffered extreme physical and emotional distress due to the

harassment perpetrated against her, which has led to her missing several days of work.

On April 4, 2010, plaintiff suffered a stroke and was unable to work for a full month.

### Defendant's Retaliation Against Plaintiff

66.     On August 1, 2008, plaintiff filed charges of discrimination against

defendant with the United States Equal Employment Opportunity Commission.  On

August 20, 2009, plaintiff filed a Complaint in this action.

67.     Since filing her charge of discrimination with the EEOC and filing this

complaint, plaintiff has been subjected to a series of escalating retaliatory actions

designed to punish her for objecting to the severe problem of sexual harassment at SFLS.

A non-exhaustive list of retaliatory acts is set forth below:

68.     Prior to her complaints about sexual harassment, plaintiff regularly

received satisfactory performance reviews and observations.  Since complaining about

sexual harassment, defendant has given plaintiff repeated negative classroom

observations which are replete with factual errors, incorrect accounts of conversations between plaintiff and principal Ortiz, and vitriolic personal attacks and insults in observations conducted by principal Ortiz. Other school personnel have given plaintiff positive evaluations in their classroom observations, but principal Ortiz has refused to give these observation reports to plaintiff or include them in her performance evaluation of plaintiff.

69.     In or around December 7, 2009, plaintiff reported an incident where A.A., a female student in plaintiff's class, threatened to "slap the fuck" out of plaintiff. Plaintiff reported the incident internally and also filed a police complaint. Rather than punishing the offending student, Assistant Principal Heckstall wrote a letter of discipline for plaintiff for giving "punitive homework" in the class.

70.     On or about May 24, 2010, plaintiff was summoned for jury duty and served jury duty as required by law. Despite being required under law to serve on a jury if summoned, and notifying defendant of her jury duty, defendant opened an investigation into whether plaintiff had "abandoned" her job due to her absence while on jury duty.

71.     On June 9, 2010 plaintiff was informed by principal Ortiz that she was investigating complaints by students that plaintiff had engaged in "verbal abuse." These complaints included allegations that Ms. Reel placed a "voodoo curse" on one student, that Ms. Reel was unfair because she gave a test shortly after she returned from her medical leave of absence, that Ms. Reel gave students "dirty looks" and that Ms. Reel "needs to find Jesus." The student complaints also made several derogatory references to the fact that Ms. Reel had suffered a stroke earlier in the year and her mannerisms since the stroke. Principal Ortiz admitted, after investigation, that the students could not

identify any action taken by plaintiff that constituted "verbal abuse" but nevertheless concluded the allegations were substantiated because plaintiff did not "...provide a safe and nurturing environment conducive to learning..."

72.    On or about June 21, 2010, Principal Ortiz again investigated plaintiff for allegedly failing to follow procedure while proctoring an examination. As with the prior investigations and observations of plaintiff, principal Ortiz completely distorted the events that occurred that day and grossly misrepresented Ms. Reel's conversation with Ms. Ortiz during the investigation.

73.    Since October of 2009, defendant has given plaintiff additional punitive work assignments, requiring her to submit redundant and unnecessary paperwork with respect to lesson plans, unit plans, and rubrics for grading.  Other teachers at SFLS are not required to submit such documents.   In addition, defendant now requires plaintiff, when reporting any incidents of student misconduct, to submit additional documentation that other teachers at SFLS are not required to submit.  The additional paperwork defendant requires of plaintiff consists of several additional hours per week worked by plaintiff, and prevents her from partaking in her physical therapy regimen necessary to recover from her stroke.

74.    On August 9, 2010 principal Ortiz issued her annual evaluation of plaintiff.  Plaintiff did not receive this evaluation until August 9, 2010.  For the first time in her career, plaintiff received an "unsatisfactory" evaluation.

75.    The "unsatisfactory" evaluation places plaintiff's job security in significant danger and further impedes her ability to transfer to other schools in the public school system or seek employment at schools outside of the public school system.

## AS AND FOR A FIRST CLAIM

### Title VII – Discrimination Based on Sex

76.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "75" as if set forth fully herein.

77.    The repeated incidents of verbal abuse, sexual remarks, threats and assaults against plaintiff constitute a hostile work environment which plaintiff has suffered because of her gender.

78.    Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected.  DOE has refused to take sufficient steps to alleviate that environment.

79.    Plaintiff is now suffering and will continue to suffer irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

80.    DOE by refusing to take sufficient steps to alleviate the hostile work environment to which plaintiff has been subjected, has discriminated, and continues to discriminate, against plaintiff on the basis of her sex.

81.    Defendant, through the aforementioned conduct, has violated Title VII, 42 U.S.C. §§2000e et seq., by discriminating against plaintiff on the basis of her sex.

## AS AND FOR A SECOND CLAIM

### Title IX – Discrimination Based on Sex

82.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "81" as if set forth fully herein.

83.     Defendant, through the aforementioned conduct, has violated Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., by discriminating against plaintiff on the basis of her sex.

## AS AND FOR A THIRD CLAIM

### New York State Human Rights Law – Discrimination Based on Sex

84.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "83" as if set forth fully herein.

85.     Defendant, through the aforementioned conduct, has violated the New York State Human Rights Law, N.Y. Exec Law. §§290 et seq., by discriminating against plaintiff on the basis of her sex.

## AS AND FOR A FOURTH CLAIM

### New York City Human Rights law – Discrimination Based on Sex

86.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "85" as if set forth fully herein.

87.     Defendant, through the aforementioned conduct, has violated the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 et seq.. by discriminating against plaintiff on the basis of her sex.

## AS AND FOR A FIFTH CLAIM

### Title VII – Unlawful Retaliation

88.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "97" as if set forth fully herein.

89.     The actions taken by defendant against since she filed charges with the EEOC and filed the Complaint in this action, including but not limited to a) the negative classroom evaluation reports, b) the repeated investigations and unsubstantiated negative findings, c) the additional punitive work assignments, d) the "Unsatisfactory" ranking for the year 2009, were taken against plaintiff in retaliation for her opposing the unlawful discriminatory practices by defendant.

90.     Defendant, through the aforementioned conduct, has violated Title VII, 42 U.S.C. §§2000e et seq., by retaliating against plaintiff for opposing defendant's unlawful discrimination on the basis of sex.

## AS AND FOR A SIXTH CLAIM

### Title IX – Unlawful Retaliation

91.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "90" as if set forth fully herein.

92.     Defendant, through its retaliatory conduct, has violated Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., by discriminating against plaintiff on the basis of her sex.

## AS AND FOR A SEVENTH CLAIM

### New York State Human Rights Law - Retaliation

93.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1"
through "92" as if set forth fully herein.

94.    Defendant, through the aforementioned conduct, has violated the New
York State Human Rights Law, N.Y. Exec. Law. §§290 et seq., by retaliating against
plaintiff for opposing defendant's unlawful discrimination on the basis of sex.

## AS AND FOR AN EIGHTH CLAIM

### New York City Human Rights Law – Unlawful Retaliation

95.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1"
through "94" as if set forth fully herein.

96.    Defendant, through the aforementioned conduct, has violated the New
York City Human Rights Law, N.Y.C. Administrative Code §§8-101 et seq.. by
retaliating against plaintiff for opposing defendant's unlawful discrimination on the basis
of sex.


## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a)    Declaring that defendant is in violation of Title VII, Title IX, the New
York State Human Rights Law, and New York City Human Rights Law;

(b)    Enjoining defendant from engaging in any similar violation of Title VII,
Title IX, the New York State Human Rights Law, and the New York City Human Rights
Law;

(c)      Awarding plaintiff compensatory damages pursuant to Title VII, Title IX, the New York State Human Rights Law, and the New York City Human Rights Law;

(d)      Awarding equitable relief, including but not limited to requiring defendant's to establish a policy for reporting and remedying sexual harassment of teachers by students, pursuant to Title VII, Title IX, the New York State Human Rights Law, and the New York City Human Rights Law;

(e)      Awarding plaintiff costs and reasonable attorneys fees in this action, pursuant to Title VII, Title IX, and the New York City Human Rights Law; and

(f)      Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
      October 12, 2010

                    Respectfully submitted,
                    CARY KANE LLP
                    Attorneys for Plaintiff

                    By:_____
                    Larry Cary (LC3352)
                    Joshua S.C. Parkhurst (JP5022)
                    1350 Broadway, Suite 1400
                    New York, NY  10018
                    (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.